IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 OCT -6  P 4: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BALBIR SINGH, <br><br> Plaintiff, <br><br> v. <br><br> MGI PHARMA, INC., and <br> MGI PHARMA BIOLOGICS, f/k/a, <br> ZYCOS, INC., <br><br> Defendants. | Civil Action No. 05 11671 GAO |

## DEFENDANT MGI PHARMA BIOLOGICS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFF'S COMPLAINT

This is a contract action in which the Plaintiff is seeking to be paid a fee for assisting in the sale of a business. Massachusetts law squarely precludes any claim seeking compensation for business "broker or finder" services unless based on a properly executed, written agreement. Mass. Gen. Laws ch. 259, § 7. In Counts I and II of the Complaint, Plaintiff alleges breach of a written Professional Services Agreement under which he was obligated to assist in the sale of a company. Counts IV and V, however, seek to recover business broker or finder fees (in the form of an incentive bonus) -- on theories of implied-in-fact contract (Count IV) and unjust enrichment (Count V). These Counts must be dismissed because neither one alleges or depends upon the existence of a written contract. To the contrary, they presuppose the absence of a written agreement between the parties, but nonetheless claim an entitlement to compensation for business brokerage services. Thus, Counts IV and V fail to state a claim and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PLAINTIFF'S ALLEGATIONS

The complaint alleges that Plaintiff was retained in 2004 by Zycos, Inc. (the former name of Defendant MGI Pharma Biologics) to assist in helping to sell the company. (Compl. ¶¶ 23-24.) Specifically, the Complaint alleges that a Zycos representative approached Plaintiff, Dr. Balbir Singh, asking that he serve as a business development consultant in Zycos' continued efforts to position itself for an acquisition. (Compl. ¶¶ 23-24.) At that time, Plaintiff alleges that Zycos representatives informed him that his duties would include "positioning the company in the marketplace so it would be attractive to potential acquirers; helping the company develop negotiating strategies with respect to potential acquirers; and helping identify and evaluate potential acquirers." (Compl. ¶ 31.) Plaintiff further alleges that the duties outlined to him also included "making follow-up contacts and counseling Zycos with respect to potential acquirers who had previously been contacted[.]" (Compl. ¶ 32.)

Plaintiff alleges that while he began providing assistance to Zycos in selling the company before the parties negotiated a written agreement, it was at all times the parties' intent to do so. (Compl. ¶¶ 53, 55.) Ultimately, as the Complaint alleges, the parties reduced their agreement to a written and fully executed Professional Service Agreement (hereinafter "the Agreement"). (Compl. ¶¶ 91, 97.) Plaintiff alleges that the written contract provided that he would be paid (1) a monthly consulting fee of $25,000, (2) expenses, and (3) an "incentive bonus" if Zycos were successfully sold. (Compl. ¶¶ Intro., 117, 127.) Later, in September 2004, Zycos was sold to Defendant MGI Pharma, Inc. and its name was changed to MGI Pharma Biologics. (Compl. ¶ 104.)

Plaintiff alleges in Counts I and III, that Zycos (now MGI Pharma Biologics) breached the written contract to pay some of his monthly consulting fees and an "incentive bonus." (Compl. ¶ 112.) In Count IV, however, plaintiff alleges that "if...no written contract is found to

2

exist", he is entitled to his business brokerage fees under an implied-in-fact contract theory. (Compl. ¶¶ 139-149). Similarly, in Count V, plaintiff alleges that he is entitled to compensation for his business brokerage services on an unjust enrichment theory, absent any allegation of a written contract. (Compl. ¶¶ 150-159).

## ARGUMENT

The Massachusetts Statute of Frauds provides that:

> [a]ny agreement to pay compensation for service as a broker or finder or for service rendered in negotiating a loan or in negotiating the purchase, sale or exchange of a business . . . shall be unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized. . . .

Mass. Gen. Laws ch. 259, § 7. The allegations in the Complaint, if taken as true for purposes of this motion, establish that Plaintiff is seeking to recover fees for acting as a broker or finder in connection with the sale of a business, which is governed by the Statute of Frauds. As a consequence, Count IV (implied-in-fact contract) and Count V (unjust enrichment) must be dismissed because neither one alleges or depends upon the existence of a written contract and therefore both fail to state a claim upon which relief may be granted.

## I.   PLAINTIFF'S CLAIMS ARE GOVERNED BY THE STATUTE OF FRAUDS.

It is undisputable based on all of Plaintiff's allegations that Zycos contracted with Plaintiff to act as a broker or finder to help sell Zycos. For purposes of the Statute of Frauds, a "broker" is "[a]n agent who acts as an intermediary or negotiator, esp[ecially] between prospective buyers and sellers; a person employed to make bargains and contracts between other persons in matter of trade, commerce, and navigation." *Cantell v. Hill Holliday Connors Cosmopulos, Inc.*, 55 Mass.App.Ct. 550, 553, 772 N.E.2d 1078, 1082 (2002) (quoting Black's Law Dictionary 187 (7th ed. 1999). A "finder" is "[a]n intermediary who brings together parties for a business." *Id.* A broker is distinguished from a finder in that the former generally

3

participates in the negotiations, while the latter "merely brings two parties together to make their own contract." *Id.* In general, however, Massachusetts courts maintain that the terms "broker" and "finder" are to be broadly interpreted. *Id.* at 1081.

Plaintiff readily admits that Zycos retained him "to help position [it] for an acquisition or strategic partnership." (Compl. ¶ 31.) Plaintiff further admits that his written agreement with Zycos provided for services which included identifying potential acquirers, advising Zycos management regarding negotiation strategies, and participating in negotiations. (Compl. ¶ 63.) All of these services fall within the Statute of Frauds which precludes recovery absent a properly executed, written contract. *See, e.g., Christo v. Draper*, 55 Mass. App. Ct. 1108, 771 N.E.2d 229 (2002) (affirming the lower court's dismissal of plaintiff's breach of contract claim, where plaintiff sought a finder's fee for bringing about a merger/acquisition); *Schwartz v. Inductotherm Industries, Inc.*, 1993 WL 818579 *3 (Mass. Super. 1993) (affirming defendant's motion for summary judgment, where plaintiff sought a broker's fee for services allegedly provided during defendant's purchase of another company).

## II. PLAINTIFF'S IMPLIED-IN-FACT AND UNJUST ENRICHMENT CLAIMS ARE BARRED AS A MATTER OF LAW.

In Count IV, Plaintiff alleges that he is entitled to recover business brokerage fees and a bonus *even absent a written contract*. Specifically, he alleges that "[i]f for any reason no written contract is found to exist between [Plaintiff] and Zycos, an agreement or contract may be inferred by...conduct." (Compl. ¶ 140.) In other words, Count IV seeks to recover compensation for services allegedly performed in helping to sell a business without any properly executed, written contract. Count V (unjust enrichment) is in substance no different. There, Plaintiff alleges that during the time he was assisting Zycos in finding a buyer both Zycos' and his own conduct and statements created an equitable obligation on Zycos' part to compensate

4

him for his services. (Compl. ¶¶ 150-159) The unjust enrichment claim neither alleges nor depends upon the existence of a written contract. To the contrary, it seeks recovery in the complete absence of one.

These claims are flatly barred by the Statute of Frauds, which not only requires a written contract in this instance, but also states that it applies "to a contract implied in fact or in law to pay reasonable compensation." Mass. Gen. Laws ch. 259, § 7. In *State Tax Auditing & Research, Inc. v. Waters Corp.*, 2000 WL 782948 *3 (Mass. Super. 2000), the court held that claims for fees or compensation by alleged business brokers or finders based upon theories of implication, *quantum meruit* or unjust enrichment all violate the Statute of Frauds and must be dismissed. "[T]he plain language of G.L.c. 259, § 7 makes clear that not only must 'any agreement to pay compensation for services as a finder,' be in writing, but contract[s] implied in fact or in law to pay reasonable compensation,' i.e. to claims based on unjust enrichment or quantum meruit, are barred." *Id.* (citations omitted). As a result, the court dismissed plaintiff's implied contract and unjust enrichment claims. *Id.*; *see also Cantell*, 55 Mass. App. Ct. at 554, 772 N.E.2d at 1082 n. 6 (holding that the Statute of Frauds bars recovery of business broker or finder fees on theories of implied contract or *quantum meruit*).

There could be no more clear statement in Massachusetts law prohibiting Plaintiff from seeking compensation for services allegedly rendered as a business broker or finder on theories of implied-in-fact contract or unjust enrichment. As such, Counts IV and V should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

For the foregoing reasons, Counts IV and V of Plaintiff's Complaint should be dismissed with prejudice.

Dated this 6th day of October 2005.

Respectfully submitted,

Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN SAWYER & BREWSTER
One Financial Center
Boston, MA 02111
Tel: 617-951-1118
Fax: 617-542-7437

Andrew R. McGaan, P.C.
Jamenda A. McCoy
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Tel: 312-861-2000
Fax: 312-861-2200

*Counsel for Defendant*
*MGI Pharma Biologics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the foregoing document on the attorney of record for each other party by mail.

_____
Donald R. Pinto, Jr.

Dated: October 6, 2005