UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BALBIR SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>MGI PHARMA, INC., and<br>MGI PHARMA BIOLOGICS, f/k/a<br>ZYCOS, INC.,<br>    Defendants. | Civil Action No.: 05-11671-GAO |

## PLAINTIFF'S OPPOSTION TO MGI PHARMA BIOLOGICS' MOTION FOR LEAVE TO REPLY

Defendant MGI Pharma Biologics ("Pharma Biologics") has filed a motion for leave to file a reply brief in support of its partial motion to dismiss. The motion for leave must be denied because Pharma Biologics has failed to comply with Local Rule 7.1(A)(2), which provides that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Not only has Pharma Biologics failed to file the requisite certification, but absolutely no conferral occurred here – counsel for Plaintiff Balbir Singh ("Dr. Singh") was not even contacted concerning the request for leave.

Nor would conferral have been an empty formality here. Had counsel for Pharma Biologics conferred with counsel for Dr. Singh concerning the arguments raised in the proposed reply brief, the issues which Pharma Biologics seeks to bring to the Court's attention through that brief likely could have been narrowed or disposed of all together.

As will likely be apparent to the Court upon review of the proposed reply brief, that brief – in addition to being riddled with shrill and baseless attacks upon the legal and factual arguments put forth in Dr. Singh's opposition to the motion to dismiss – is full of red herring arguments that have no bearing whatsoever on the legal issues raised by the motion to dismiss.

For example, Pharma Biologics accuses Dr. Singh of erroneously relying on <u>Bushkin Associates v. Raytheon Co.</u>, 815 F.2d 142 (1st Cir. 1987). But as is apparent from Dr. Singh's brief, Dr. Singh cited that case only for the narrow boilerplate principle that pleading in the alternative is entirely proper. <u>See</u> <u>Opposition to Motion to Dismiss</u>, Page 3. The case absolutely stands for that principle. Dr. Singh does not rely on <u>Bushkin</u> for his substantive arguments concerning why the broker's statute of frauds is not applicable here. In short, Pharma Biologics' "ah-ha" moment is moot.

Such misstatements in the reply brief could have been resolved during a Rule 7.1 conferral. In any event, even putting aside Pharma Biologics' disregard of Rule 7.1, the motion for leave should be denied because the proposed reply brief is nothing more than a plea for a "second bite at the apple" in order to shore up the anemic arguments made in Pharma Biologics' initial brief in support of its motion to dismiss. Local Rule 7.1(B)(2) provides "[a] party filing a motion shall *at the same time* file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted." (Emphasis supplied.) To the extent it failed to do this, Pharma Biologics should not simply be given another chance.

For example, on Page 5 of the proposed reply brief, Pharma Biologics cites a myriad of allegations from Dr. Singh's Complaint that easily could have been cited and

discussed in the initial brief.  And on Page 2, Pharma Biologics grandly states that "as this reply will show, Plaintiff's Complaint is riddled with allegations that support the conclusion that his were precisely the types of services to which 259, § 7 was intended to apply."  Unfortunately, Local Rule 7.1(B)(2) establishes that this should have been done in the original brief.  In the end, Pharma Biologics is not as much seeking to "reply," as it is seeking a "do-over."

      Because neither the proposed reply brief nor the request for leave is properly before the Court at this point, Dr. Singh will not respond in greater detail here to the arguments made in the proposed reply brief.  To the extent, however, that the Court is inclined to allow the request for leave, Dr. Singh requests leave to file a sur-reply brief, particularly to respond to the inappropriate and baseless citations to Fed. R. Civ. P. 11 made in the proposed reply.

      Respectfully submitted,

BALBIR SINGH
By his attorneys,


_____/s/ C. Alex Hahn_____
Joseph L. Stanganelli (BBO #628958)
Anthony A. Scibelli  (BBO #556507)
C. Alex Hahn (BBO #634133)
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA 02110
(617) 227-5725

Dated: November 16, 2005